IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HDMG ENTERTAINMENT, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CERTAIN UNDERWRITERS AT )<br>LLOYD'S OF LONDON SUBSCRIBING )<br>TO POLICY NO. L009082, )<br>)<br>Defendant. )<br>_____) | CASE NO.: 4:16-CV-01626-RBH<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TRANSFER VENUE** |

Plaintiff, HDMG Entertainment, LLC ("Plaintiff") respectfully submits this Memorandum in Opposition to the Motion to Dismiss or in the Alternative Transfer Venue filed by Defendant, Certain Underwriters at Lloyd's of London Subscribing to Policy No. L009082's ("Underwriters").

**I.     Dismissal is not warranted because in this removed action, venue is proper in the District of South Carolina.[1]**

Underwriters have moved this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3), contending that venue is not proper in the District of South Carolina. Underwriters' reliance on Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1391 is misplaced.

The venue of removed actions is governed by 28 U.S.C. § 1441, not 28 U.S.C. § 1391. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665, 73 S. Ct. 900, 902 (1953); Selective Ins. Co. of South Carolina v. Schremmer, 465 F.Supp.2d 524, 525 (D. S.C. 2006) ("The general venue statute is 28 U.S.C. § 1391, but venue in a removed case is governed exclusively by 28 U.S.C. § 1441(a)"). The Supreme Court in Polizzi made clear that in actions such as this case

---

[1] As an initial matter many, if not all, of Underwriters' recitation of alleged facts are unsupported by the record and should therefore be disregarded.

1

which are removed from state court, 28 U.S.C. § 1391 has no application and the venue in a removed action is exclusively governed by 28 U.S.C. § 1441(a).  As the Polizzi Court stated, 28 U.S.C. § 1391 "limits the district in which an action may be 'brought'." 345 U.S. at 665, 73 S.Ct. 900 at 902.  Removed actions are not "brought" in any district court. Id.  Therefore, 28 U.S.C. § 1391 is inapplicable to removed actions.

Under 28 U.S.C. § 1441(a), venue is proper in the district court of the "United States for the district and division embracing the place where the action is pending." 28 U.S. C. A. § 1441(a); Polizzi, 345 U.S. at 666, 73 S.Ct. at 902; Selective Ins. Co., 465 F. Supp.2d at 526.

Plaintiff brought this action in the Marion County Court of Common Pleas.  Underwriters removed the action to this court, which is the district court "for the district and division embracing the place where the action is pending". 28 U.S.C.A. § 1441(a).  Therefore, venue is proper in the District of South Carolina, Florence Division.  Any references in Underwriters' Memorandum to 28 U.S.C. § 1391 should be disregarded.  Plaintiff's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) must be denied.

      **II.**      **Underwriter's Motion to Transfer Should Be Denied Because Underwriters Has Not Satisfied Its Heavy Burden under 28 U.S.C. § 1404.**

"For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C.A. § 1404. In order for a defendant to prevail on a motion to change venue, the "defendant must show by a preponderance of the evidence that a transfer will more conveniently serve the interests of the parties and witnesses and better promote the ends of to (sic) parties and witnesses and promotion of justice."  Gerber v. Canfield, 315 F.Supp.1175, 1177 (D.S.C. 1970).   "When deciding a motion to transfer, the court must specifically analyze whether transfer is warranted (1) for the

2

convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interests of justice." State Farm Fire and Cas. Co. v. Blanton, No. 4:13-cv-2508-RBH, 2014 WL 7146980 at *1 (D.S.C. 2014) (unpublished) (citing Fairchild Semiconductor Corp v. Nintendo Co., Ltd., 810 F.Supp. 173, 174 (D.S.C. 1992). The court has broad discretion in deciding whether to transfer a case and motions to change venue are guided by individualized, case-by-case considerations of convenience and fairness. Id. As explained by the Court in State Farm:

> [T]he Supreme Court has held that the factors relevant to *forum non conveniens* determinations are also relevant to determinations of a motion to transfer venue under 28 U.S.C. § 1404(a). *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-9, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Specifically, those factors include: 1) the plaintiff's choice of forum; 2) the convenience of the parties and witnesses; 3) the relative ease of access to sources of proof; 4) the availability of compulsory process for attendance of unwilling witnesses; 5) the cost of obtaining attendance of willing witnesses; 6) the possibility of viewing premises by the jury, if applicable; 7) all other practical problems that make trial of a case, easy, expeditious, and inexpensive; 8) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected; and 9) the interests of justice. *Terry v. Walker*, 369 F.Supp.2d 818, 822 (W.D. Va. 2005)(citing *Glibert*, 330 U.S. at 508-9): *Finkel v. Subaru of America, Inc.*, No. 3:06CV292, 2006 WL 2786811, at *3 (E.D.Va. Sept. 26, 2006).

Id. at *2.

   1.   *Plaintiff's Choice of Forum*.

"A plaintiff's choice of forum is given weight when the plaintiff's choice of forum has a substantial connection with the controversy." Id. Section 1404 cannot be used by a defendant to defeat advantages accruing to a plaintiff who has chosen a forum which, though inconvenient to defendant, is a proper forum. Gerber, at 1178. "Certainly there is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflicts of laws, and in law foreign to itself." Id.

3

Underwriters also contend that this case is governed by the laws of the State of Connecticut relying on Ranta v. Catholic Mutual Relief Soc. of Am., 492 F.App'x 373, 375 (4th Cir. 2012).  This is incorrect.

There is no choice of law provision in the insurance policy (just as there is no forum selection clause).

A federal court sitting in diversity, such as this one, must apply the choice of law rules of the state in which it is located.  E.g. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188( 1938); Heslin-Kim v. CIGNA Group Ins., 377 F.Supp. 2d 527, 530 (D.S.C. 2005).

"South Carolina choice of law encompasses both the traditional *lex loci contractus* doctrine and S.C. Code Ann. § 38-61-10.  Historically, South Carolina courts followed the rule of *lex loci contractus* and applied the law of the state where the insurance contract was formed." Heslin-Kim, at 530.   However, in South Carolina, the doctrine of *lex loci contractus* has been modified by S.C. Code § 38-61-10.  Id. S.C. Code § 38-61-10 provides that "[a]ll contracts of insurance on property, lives or interest in this State are considered to be made in the State … and are subject to the laws of this State."  "Where this statute applies, it governs as South Carolina's rule of conflicts." Sangamo Weston, Inc. v. National Sur. Corp., 307 S.C. 143, 147, 414 S.E.2d 127, 130 (1992); Heslin-Kim, at 530.  Under S.C. Code § 38-61-10, it is immaterial where the contract was entered into.  Sangamo, 307 S.C. at 149, 414 S.E.2d at 130.

In Sangamo, the South Carolina Supreme Court held that although neither party to the insurance contract at issue there were citizens of South Carolina, S.C. Code § 38-61-10 nonetheless applied and South Carolina law governed the dispute.  See generally, Sangamo. The insurance contract in dispute in that case insured "property," Sangamo's manufacturing facility located in South Carolina.  Id.  The Sangamo court continued, "[w]e find that insuring property,

lives and interest in South Carolina constitutes a significant contact with this state. South Carolina has a substantial interest in who bears the ultimate liability for operations conducted in this state which result in injury to South Carolina property and citizens. Although the parties are not residents of this state, both parties availed themselves of the law of South Carolina when they respectively provided or received insurance on interest located in this state. Accordingly, the application of South Carolina law is neither arbitrary nor fundamentally unfair." 307 S.C. at 149, 414 S.E.2d at 131 (discussing that the application of S.C. Code § 38-61-10 does not violate the Full Faith and Credit Clause nor the Due Process Clause of the U.S. Constitution); See also Heslin-Kim, 377 F.Supp. 2d at 533 (application of S.C. Code Ann. § 38-61-10 does not offend the Full Faith and Credit nor Due Process Clause).

Under S.C. Code Ann. §38-61-10 and Sangamo, this Court must apply the laws of the State of South Carolina. The Policy covers interest in the State of South Carolina. Indeed, the Policy is an Event Cancellation policy covering the Biker Bash which was scheduled to take place in South Carolina. (Compl. ¶ ¶ 3-4).

Plaintiff instituted this action in the Marion County Court of Commons Pleas as that court encompasses the venue for the Swamp Fox Entertainment Complex where the Biker Bash was scheduled to be held. See [Dk. 1-1]. Moreover, South Carolina law governs this dispute under S.C. Code Ann. § 38-61-10 and Sangamo. Given that South Carolina law governs and that "South Carolina has a substantial interest in who bears the ultimate liability for operations conducted in this state which result in injury to South Carolina property and citizens," Sangamo, this factor weighs against transferring venue to the District of Connecticut.

Moreover, Plaintiff chose South Carolina as the forum state because that is the logical place for this controversy to be resolved by court action. *See* Affidavit of Robert Hartmann, Sr.,

5

attached as **Exhibit 1**. The 2015 Swamp Fox Biker Bash, the cancellation of which the insurance policy concerns, was to take place in Marion, South Carolina. *Id*. Various individuals and others who may have information relevant to the cancellation of that event live in South and North Carolina. Underwriters are correct in that HDMG is a Connecticut limited liability company. Further, the HDMG principal, Mr. Hartmann, lives in Connecticut. However, HDMG chose South Carolina as a forum because it is the locus of the events leading up to the cancellation of the 2015 Swamp Fox Biker Bash. Underwriters have no more connection with Connecticut as they do with South Carolina. The case should remain in this Court.

       3.       *Convenience of the parties and witnesses.*

Without any support in the record, Underwriters say "the witnesses are not located in South Carolina." Underwriters' motion at 5. This is incorrect. *See* Hartmann affidavit. The HDMG principal, Mr. Hartmann, travels to South Carolina frequently for business purposes and the location of this action in South Carolina is not inconvenient for him. The individual who signed the application for the policy at issue lives in California (*see* Hartman affidavit) which makes South Carolina no less inconvenient for him than Connecticut.

       4.       *The relative ease of access to sources of proof.*

As set forth in the Hartmann affidavit, most of the documents relevant to this controversy have already been provided Underwriters through its asserted "investigation" of HDMG's insurance claim. In addition, Hartmann provided an examination under oath. Finally, many of the individuals who may have information regarding this controversy live in North and South Carolina. South Carolina, accordingly, is the most convenient location for this litigation. At worst, it is no less inconvenient than Connecticut.

       5.       *The availability of compulsory process for attendance of unwilling witnesses.*

With the ability in federal court to issue deposition subpoenas for individuals and businesses outside the district in which a lawsuit is pending, this factor is not particularly relevant to this analysis.

6.    *The costs of obtaining attendance of willing witnesses.*

The HDMG chose South Carolina as the forum for this litigation and will bear the cost of traveling to South Carolina when necessary.

7.    *The possibility of viewing premises by the jury, if applicable*.

This case involves an insurance dispute and a view of the premises by the jury may not be necessary.  However, South Carolina is the only location where the Swamp Fox Entertainment Complex can be viewed.

8.    *Factors of public interest, including the relative congestion of court dockets and a preference for holding trial in the community most affected.*

The cancelled event was connected to Myrtle Beach Bike Week, an event of considerable notoriety.  The event location was to be Marion, South Carolina, a small town located in relative proximity to Myrtle Beach.  HDMG had considerable interaction with Marion city and county officials in preparing for its 2015 Swamp Fox Biker Bash.  Marion and its environs is the community most affected by the events leading to this controversy.  Connecticut has not such connection.

Further, as set forth in HDMG's local rule interrogatory responses, there is pending in this district a related case involving Time Warner Cable Enterprises, LLC.

9.    *The interests of justice*.

"The factor relating to the interest of justice is intended to encompass all factors bearing on transfer that are unrelated to convenience of witnesses and parties." State Farm, 2014 WL 7146980 at *3.  "Those factors include the factors discussed above and others such as the

pendency of a related action, the court's familiarity with the applicable law, the possibility of unfair trial, the ability to join other parties and the possibility of harassment." Id. (internal quotation and ellipsis omitted).

The District of South Carolina is the proper and appropriate venue for this controversy to be resolved.

## CONCLUSION

Venue is proper in the District of South Carolina pursuant to 28 U.S.C. 1441; therefore Underwriters' Motion to Dismiss must be denied.  Moreover, Underwriters' have not carried their burden of showing that this case should be transferred to Connecticut.  Accordingly, Underwriters' Motion to Transfer Venue should be denied.

Respectfully submitted,

**CALLISON TIGHE & ROBINSON, LLC**

/s/ W. Taylor Stanley
Louis H. Lang, Fed. Id. No. 240
W. Taylor Stanley, Fed. Id. No. 11741
1812 Lincoln Street
Columbia, South Carolina 29201
Telephone: (803) 404-6900
Facsimile: (803) 404-6902
Email: louislang@callisontighe.com
Email: taylorstanley@callisontighe.com

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10TH day of June, 2016, a true copy of the foregoing is being filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

**CALLISON TIGHE & ROBINSON, LLC**

/s/ W. Taylor Stanley
Louis H. Lang, Fed. Id. No. 240
W. Taylor Stanley, Fed. Id. No. 11741
1812 Lincoln Street
Columbia, South Carolina 29201
Telephone: (803) 404-6900
Facsimile: (803) 404-6902
Email: louislang@callisontighe.com
Email: taylorstanley@callisontighe.com

*Attorneys for the Plaintiff*