IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HDMG ENTERTAINMENT, LLC, ) | CASE NO. 4:16-cv-01626-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPLY IN SUPPORT OF MOTION TO** |
| ) | **DISMISS, OR IN THE ALTERNATIVE** |
| CERTAIN UNDERWRITERS AT ) | **TRANSFER VENUE OF DEFENDANT** |
| LLOYD'S OF LONDON SUBSCRIBING ) | **CERTAIN UNDERWRITERS AT** |
| TO POLICY NO. L009082 ) | **LLOYD'S OF LONDON SUBSCRIBING** |
| ) | **TO POLICY NO. L009082** |
| Defendant. ) | |
| ) | |

## I.     CHOICE OF FORUM

Plaintiff focuses much of its Opposition on the law applicable to this dispute, contending incorrectly that pursuant to S.C. Code Ann. § 38-61-10, South Carolina law governs. § 38–61–10, however, is not applicable in this case. *Russell v. McGrath*, 135 F.Supp.3d 427, 431 (D.S.C. 2015) (§ 38–61–10 does not automatically supersede the traditional doctrine of *lex loci contractus*).

In *Russell,* Brian McGrath ("McGrath") a resident of the State of Connecticut, was a student at the University of South Carolina. On January 18, 2012, McGrath was driving his 2006 Dodge sedan in Columbia, South Carolina, when he lost control of the car, killing himself and his three passengers. The Dodge was purchased by McGrath's parents in Florida, where they maintained their second home; was registered in Florida with a Florida license plate; and, was insured by a policy purchased in Florida and issued to the McGrath family in Connecticut. Judge Anderson, distinguished *Sangamo Weston, Inc. v. Nat'l Sur. Corp.*, 307 S.C. 143, 147, 414 S.E.2d 127, 129 (1992) and *Heslin-Kim v. CIGNA Grp. Ins.*, 377 F.Supp.2d 527, 530 (D.S.C. 2005), upon which Plaintiff relies, and held that South Carolina law was inapplicable as the

682800                                                  1

Dodge was purchased, registered, and insured outside of South Carolina; McGrath was licensed by a state other than South Carolina; and, the "connection to South Carolina [was] not significant enough to trigger application of § 38-6110." *Russell*, 135 F.Supp.3d at 432.

Plaintiff's reliance on *Sangamo* and *CIGNA* is misplaced. In *Sangamo*, the Supreme Court of South Carolina considered the applicability of § 38-61-10 to an insurance policy issued outside of South Carolina, to a non-citizen of South Carolina. Although Sangamo Weston, Inc. ("Sangamo") was a non-citizen of South Carolina, it operated a permanent manufacturing facility in Pickens County, South Carolina. Sangamo was alleged to have discharged toxic levels of wastewater within the County. The Supreme Court of South Carolina held that § 38-61-10 applied because the sole issue to be decided was the coverage afforded for Sangamo's liability with respect to its ongoing operations at its Pickens County, South Carolina facility.

In *CIGNA*, Dr. Heslin, while a Georgia resident, purchased a life insurance policy before relocating permanently to South Carolina, where he lived until his death seven years later. For those seven years, Dr. Heslin paid the premiums for the policy from South Carolina, and following his death, his estate was probated in Beaufort County, South Carolina. As the "life" insured by the policy had a "permanent and definitive connection" to South Carolina, Judge Duffy held that § 38-61-10 applied, such that South Carolina law governed the policy. 377 F.Supp.2d at 532.

Here, the property where the event was to take place is owned by HSGCHG Investments, LLC ("HSGCHG") (Doc. No. 6-1, Aff. Robert Hartmann, Sr., ¶ 3), a separate company that is not insured under the Policy, is not a party to this suit, is not organized under the laws of South Carolina, and at the time the Policy was issued, was not registered to conduct business in South Carolina. (Ex. 1, Secretary of State Record for HSGCHG.) Furthermore, like in *Russell,* the

taxes for the property were paid by HSGCHG from its place of business in Connecticut. (Ex. 2. Tax Payment Receipt.)

But what Plaintiff fails to recognize is that the Policy at issue provided first party coverage to Plaintiff, a Connecticut citizen, for its own loss as a direct result of "cancellation", "abandonment", "curtailment", "postponement", or "relocation"[1] of the Biker Bash event. The Policy did not insure the lives of South Carolina residents, did not provide third-party coverage in the event of injury to persons or damage to property in South Carolina, and did not afford coverage to a company that maintained a permanent and consistent presence in South Carolina.

§ 38-61-10 is inapplicable and therefore, Connecticut, where the Policy was issued (Ex. 3, Aff. Steven Perini, ¶ 9), governs its interpretation. *See, e.g., Unisun Ins. Co. v. Hertz Rental Corp.*, 312 S.C. 549, 552, 436 S.E.2d 182, 184 (App. 1993) ("Since New York was the state in which the contract was made, the law of New York governs the interpretation and legal effect of its provisions"().); *Bowman v. Cont'l Ins. Co.*, 229 F.2d 1141 (4th Cir. 2000) (where the only nexus with South Carolina is the location of the automobile collision, South Carolina law does not govern the insurance policy); *Companion Prop. & Cas. Ins. Co. v. Airborne Exp., Inc.*, 369 S.C. 388, 391, 631 S.E.2d 915, 916 (App. 2006) ("Moore is a Georgia corporation, and the policy was issued and delivered to Moore in Georgia. Consequently, Georgia law governs our application and interpretation of the policy.").

## II.   CONVENIENCE OF WITNESSES

Plaintiff contends that South Carolina is a convenient local for the witnesses relevant to this dispute. On even a cursory review of the affidavit of Robert Hartman, Plaintiff's President and Executive Chairman, it is clear that none of the known witnesses are located in South

---

[1]    The terms in quotations are defined terms in the Policy.

682800                                                  3

Carolina.  (Doc. No. 6-1, Aff. Robert Hartmann, Sr., ¶¶ 2, 6, 7.)   While Plaintiff makes reference to employees of various businesses that provided services to Swamp Fox Entertainment Center that may be located in South Carolina or North Carolina, Plaintiff fails to give the Court any guidance on how these witnesses could contribute to a determination of the issues presented regarding the interpretation of the Policy and whether these witnesses can provide any information material or relevant to this determination.  (Doc. No. 6-1, Aff. Robert Hartmann, Sr., ¶ 7.)

In fact, Plaintiff completely ignores that this is an insurance dispute regarding event cancellation coverage and that by bringing claims for breach of contract and bad faith, Plaintiff has placed the underwriting and claim handling at issue. *Beazer Homes Corp. v. Hartford Fire Ins. Co.*, 2012 WL 6210323, at *5 (D.S.C. Dec. 13, 2012).  The underwriting for the Policy was done by Steven Perlini, then with HCC Specialty Underwriters, Inc., in its Wakefield, Massachusetts office.  (Ex. 3, Aff. Steven Perini, ¶¶ 2, 5, 7, 8.)   Mr. Perlini is no longer employed with HCC and his new employment as the president of a new company, will make it difficult for him to travel to South Carolina.  (Ex. 3, Aff. Steven Perini, ¶ 10.)

The Courts have long recognized that the convenience of the witnesses is the most important factor to be considered when determining if venue should be transferred.  *Milliken & Co. v. Reynolds*, 2012 WL 5354399, *5 (D.S.C. Oct. 26, 2012) (where only two witnesses are located in the venue, who do not possess material information, venue should be transferred). While Mr. Hartmann attempts to identify witnesses who are located in South Carolina, the only witnesses that he has generically identified are those that are relevant to HSGCHG's dispute with Time Warner, styled *HSGCHG Investments, LLC v. Time Warner Cable Business Class, LLC*, 4:15-cv-04401-RHB, United States District Court for the District of South Carolina ("Time

Warner Litigation"). Neither HDMG nor Underwriters are parties to the Time Warner Litigation and there is no indication that the testimony to be elicited from these witnesses is in any way material to the coverage dispute presented by this suit. *Finkel v. Subaru of Am., Inc.*, 2006 WL 2786811, *4 (E.D. Va. Sept. 26, 2006); *Sw. Equip., Inc. v. Stoner & Co.*, 2010 WL 4484012, *3 (D.S.C. Nov. 1, 2010) ("Courts typically afford greater weight to convenience of non-party witnesses than party witnesses"). Here, the crucial witnesses are Plaintiff's representatives and Mr. Perlini, none of whom are located in South Carolina, and therefore, venue should be transferred to the more convenient venue, Connecticut.

### III.  CONCLUSION

There is clear and irrefutable evidence that the majority of the material witnesses are located in Connecticut or its vicinity and that Connecticut law should be applied to the coverage determination in this case and therefore the venue for this case should be transferred to Connecticut.

Respectfully submitted,

/s/ Oana D. Johnson
STEVEN G. JANIK (11301)
JANIK L.L.P.
1000 William Hilton Parkway, Suite 103
Hilton Head Island, SC 29928
(843) 715-9311 | (440) 838-7601 – Fax
Email: Steven.Janik@Janiklaw.com

OANA D. JOHNSON (100373)
JANIK L.L.P.
151 King Street, 2nd Floor
Charleston, SC 29401
(843) 410-1912 | (440) 838-7601 – Fax
Email: Oana.Johnson@Janiklaw.com

*Attorneys for Defendant*