UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HDMG Entertainment, LLC, | ) | Civil Action No.: 4:16-cv-01626-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Certain Underwriters at Lloyd's of London Subscribing to Policy No. L009082, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court upon Defendant's motion to dismiss for improper venue or in the alternative to transfer venue. *See* ECF No. 4. The Court denies the motion for the reasons set forth below.[1]

**Background**

Plaintiff, HDMG Entertainment, LLC, is a limited liability company organized under the laws of Delaware and doing business in Marion County, South Carolina. *See* Complaint [ECF No. 1-1] at ¶ 1. Plaintiff's principal place of business is located in Milford, Connecticut, and its managing member and president is Robert Hartmann, Sr., who is a citizen and resident of Connecticut.[2] *See* Notice of Removal [ECF No. 1] at ¶ 4; Def.'s Motion to Dismiss [ECF No. 4] at 2; Hartmann Affidavit [ECF No. 6-1] at ¶ 2.

Defendant, Certain Underwriters at Lloyd's of London Subscribing to Policy No. L009082, consists of an unincorporated association of individuals and/or corporate entities authorized to

---

[1] Pursuant to Local Rule of Civil Procedure 7.08, the district court may decide motions without a hearing. The Court has reviewed the parties' filings and determined a hearing in this matter is unnecessary.

[2] Hartmann owns eight of the ten ownership units of Plaintiff. Hartmann Aff. at ¶ 2.

underwrite insurance issued at Lloyd's of London and doing business in Marion County, South Carolina. Compl. at ¶ 2. Defendant's underwriters are neither incorporated nor maintain their principal places of business in Delaware, South Carolina, or Connecticut; and none of Plaintiff's members maintain a domicile in a country in which Defendant's underwriters are incorporated or maintain their principal places of business.³ Not. of Rem. at ¶ 5.

Plaintiff's business is sponsoring and producing entertainment events. Compl. at ¶ 3. Plaintiff planned to sponsor and produce an entertainment event known as the Swamp Fox Biker Bash ("the Bash") that was scheduled to occur at the Swamp Fox Entertainment Complex in Marion, South Carolina between May 8 and 15, 2015.⁴ *Id.* Defendant issued Plaintiff an event cancellation insurance policy ("the Policy") under which Defendant agreed to indemnify Plaintiff up to $4,490,480.00 for losses resulting from cancellation of the Bash. *Id.* at ¶ 4; *see* Policy [ECF No. 9-3 at 3-16]. The Policy was underwritten by HCC Speciality Underwriters, Inc. from its office in Massachusetts and delivered to Plaintiff's principal place of business in Milford, Connecticut; Steven Perlini was HCC's vice president and was the underwriter for the Policy. Perlini Affidavit [ECF No. 9-3] at ¶¶ 5, 7-9. The Policy does not contain a choice of law provision or a forum selection clause. Pl.'s Response [ECF No. 6] at 4. Plaintiff alleges that it was forced to cancel the Bash for reasons beyond its control, that it

---

³ *See generally Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014, 1017 (2016) (holding an unincorporated entity "possesses the citizenship of all its members"); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." (internal citations omitted)); *Horne v. Lightning Energy Servs., LLC*, 123 F. Supp. 3d 830, 837 (N.D.W. Va. 2015) ("For the purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of *all* of its members . . . .").

⁴ Plaintiff leases the Swamp Fox Entertainment Complex from HSGCHG Investments, LLC. Hartmann Aff. at ¶ 5. HSGCHG is a real estate holding company that holds title to the property where the Bash was to be held; Hartmann has a 90% ownership interest in HSGCHG. *Id.* at ¶ 3.

2

suffered damages as a result, that the cancellation of the Bash was a covered event under the Policy, and that Defendant refused to pay Plaintiff's claim. Compl. at ¶¶ 5-10.

On April 15, 2016, Plaintiff initiated this action by filing a complaint in the Court of Common Pleas for Marion County, South Carolina, asserting causes of action for breach of contract and bad faith. *See* ECF No. 1-1. On May 20, 2016,[5] Defendant timely removed the action to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. *See* ECF No. 1. On May 27, 2016, Defendant filed the instant motion to dismiss for improper venue or in the alternative to transfer venue. *See* ECF No. 4. Plaintiff filed a timely response in opposition, and Defendant filed a timely reply. *See* ECF Nos. 6 & 9.

## Discussion

Defendant moves to dismiss based on improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Alternatively, Defendant moves to transfer venue to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1404(a).

**I.     Motion to Dismiss for Improper Venue**

    **A.     Legal Standards: Rule 12(b)(3) and § 1406(a)**

"The appropriate venue of an action is a procedural matter that is governed by federal rule and statutes." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010). Under Federal Rule of Civil Procedure 12(b)(3), a party may seek dismissal for improper venue. "On a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings. A plaintiff is obliged, however, to make only a prima facie showing of proper venue in order to survive

---

[5]     On April 22, 2016, the South Carolina Department of Insurance accepted service of the summons and complaint on behalf of Defendant pursuant to the provisions of S.C. Code Ann. § 38-45-170. *See* Not. of Rem. at ¶ 3.

3

a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365-66 (4th Cir. 2012) (internal citation omitted). The court must view the facts in the light most favorable to the plaintiff when determining whether there has been a prima facie venue showing. *Id.*

28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) "authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." *In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 256 (4th Cir. 2002). "[T]he choice to transfer or dismiss a case afforded by § 1406(a) lies within the sound discretion of the district court." *Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005).

**B.     Analysis**

In seeking dismissal for improper venue, Defendant relies on 28 U.S.C. § 1391(b)(2)[6] to support its argument that venue is improper, asserting a substantial part (if not all) of the events surrounding the Policy and Plaintiff's insurance cancellation claim occurred in Connecticut, not South Carolina. Def.'s Motion at 3-4. In response, Plaintiff contends 28 U.S.C. § 1441—not § 1391—governs the venue of removed actions and that venue is proper in this Court.[7] Pl.'s Response at 1-2. Plaintiff is correct.

The United States Supreme Court has squarely held that 28 U.S.C. § 1441(a) governs the venue

---

[6]     Section 1391(b)(2) provides, "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

[7]     In its reply, Defendant does not respond to Plaintiff's argument concerning § 1441 and § 1391 and no longer argues for dismissal. Instead, Defendant confines its argument to its motion to transfer and asserts "the venue for this case should be transferred to Connecticut." Def.'s Reply at 5.

4

of an action removed to federal court from state court, not the general venue statute found in 28 U.S.C. § 1391. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). *See also Selective Ins. Co. v. Schremmer*, 465 F. Supp. 2d 524, 525-26 (D.S.C. 2006) (citing *Polizzi* and recognizing "[t]he general venue statute is 28 U.S.C. § 1391, but venue in a removed case is governed exclusively by 28 U.S.C. § 1441(a) . . . ."); *Lynch v. Vanderhoef Builders*, 228 F. Supp. 2d 644, 645 (D. Md. 2002) ("The Supreme Court has explained that 28 U.S.C. § 1391(a) has no application to a removed action." (citing *Polizzi*)). Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Plaintiff originally filed this action in the Marion County Court of Common Pleas, and Defendant removed the action to this Court—the Florence Division of the United States District Court for the District of South Carolina—which is the district court "for the district and division embracing the place where such action is pending." *Id.* Thus, under section 1441(a), this Court is the proper venue for this removed action. *See, e.g.*, *Polizzi*, 345 U.S. at 665-66 (finding venue was proper in a removed action that was filed in the Circuit Court of Dade County, Florida, and removed to the United States District Court for the Southern District of Florida); *Schremmer*, 465 F. Supp. 2d at 526 (finding venue was proper in a removed action that was filed in the Beaufort County Court of Common Pleas and removed to the Beaufort Division of the United States District Court for the District of South Carolina); *Lynch*, 228 F. Supp. 2d at 645-46 (finding venue was proper in a removed action that was filed in the Circuit Court of Cecil County, Maryland, and removed to the United States District Court

for the District of Maryland). Accordingly, dismissal based on improper venue is not warranted.

## II.     Motion to Transfer Venue

Defendant alternatively moves to transfer venue to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1404(a).

### A.     Legal Standard: § 1404(a)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[8] 28 U.S.C. § 1404(a). A district court has broad discretion in deciding whether to transfer a case under section 1404(a). *Brock v. Entre Computer Centers, Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991). "The burden is on the moving party to show that transfer to another forum is proper." *State Farm Fire & Cas. Co. v. Blanton*, No. 4:13-cv-02508-RBH, 2014 WL 7146980, at *2 (D.S.C. Dec. 15, 2014). Specifically, the moving party "must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Id.* (internal quotation marks omitted).

When considering whether to exercise discretion to transfer a case, the court must first consider "whether the action sought to be transferred is one that might have been brought in the transferee court." *Id.* If the court determines the proposed venue is proper, it must then consider "a number of case-specific factors" pertaining to convenience, fairness, and the interest of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

### B.     Analysis

---

[8] Section 1404(a) also permits a district court to transfer a civil action "to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The parties have not consented to a transfer.

The threshold inquiry is whether this action "might have been brought" in the District of Connecticut. 28 U.S.C. § 1404(a); *see Blanton*, 2014 WL 7146980, at *2; *United States v. $78,850.00 in U.S. Currency*, 446 F. Supp. 2d 428, 431 (D.S.C. 2006). Plaintiff does not appear to dispute that it could have originally filed this case in the District of Connecticut. Thus, for the sake of analysis, the Court will assume this case could have been brought there. Even so, the Court cannot conclude transferring venue is proper.

The second and more substantive inquiry "calls on the district court to weigh in the balance a number of case-specific factors" regarding the convenience and fairness of transfer. *Stewart*, 487 U.S. at 29. "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to [the] plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (conducting a § 1404(a) analysis).[9] Unless these factors weigh "'strongly in favor of the defendant,'" the plaintiff's chosen venue "'should rarely be disturbed.'" *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

### 1.    Plaintiff's Choice of Venue

"As a general rule, a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *Trustees*, 791 F.3d at 444 (internal quotation marks omitted). However, in a situation where the plaintiff is foreign or sues in a forum other than its home forum, a

---

[9] Prior to the Fourth Circuit's 2015 decision in *Trustees of the Plumber*, courts within this district considered seven, nine, or eleven factors when deciding motions to transfer venue. *See, e.g.*, *Blanton*, 2014 WL 7146980, at *2 (nine factors); *Sw. Equip., Inc. v. Stoner & Co.*, No. 6:10-cv-01765-HMH, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010) (seven factors); *N. Am. Rescue Prod. Inc. v. Bound Tree Med.*, No. 6:07-cv-02936-HFF, 2008 WL 304881, at *1 (D.S.C. Jan. 31, 2008) (eleven factors); *$78,850.00 in U.S. Currency*, 446 F. Supp. 2d at 431 n.2 (seven factors).

7

plaintiff's selected venue may be given less weight. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). A plaintiff's choice of forum is given weight when the chosen forum has a substantial connection with the controversy. *Blanton*, 2014 WL 7146980, at *2.

Defendant argues Plaintiff's choice of venue should be afforded little weight because Plaintiff is not based in South Carolina and does not maintain its principal place of business in South Carolina, and because South Carolina law does not govern the Policy (and that Connecticut law does). Def.'s Motion at 5-6; Def.'s Reply at 1-3. Plaintiff counters that it "chose South Carolina as the forum state because that is the logical place for this controversy to be resolved by court action"; specifically, Plaintiff contends that South Carolina "is the locus of the events leading up to the cancellation of the 2015 Swamp Fox Biker Bash" and that South Carolina law does in fact apply. Pl.'s Response at 3-6.

The Court finds that although Plaintiff is a foreign corporation headquartered in another state, Plaintiff's chosen venue is still entitled to substantial weight. Plaintiff's president and managing member, Robert Hartmann, frequently travels to South Carolina; and Hartmann has a majority ownership interest in a real estate holding company that holds title to the Marion property where the Bash was to be held. *See, e.g.*, *Convergence Mgmt. Assocs., Inc. v. Callender*, No. CV TDC-15-4015, 2016 WL 6662253, at *3 (D. Md. Nov. 10, 2016) (denying a motion to transfer venue and noting that although a plaintiff was a foreign corporation, "its choice of forum is still deserving of meaningful weight because of its ties to Maryland and the relationship between Maryland and the underlying cause of action"). Significantly, the Policy does not contain a choice of law provision or a forum selection clause; in fact, the Policy states: "It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Assured, *will submit to the jurisdiction of any Court of competent jurisdiction within the United States*." Policy

at 7 (emphasis added). More importantly, the Bash was scheduled to be held in Marion, South Carolina, and the Policy at issue allegedly provided coverage for losses resulting from cancellation of the Bash. Plaintiff selected the Marion County Court of Common Pleas to file suit, and the action was subsequently removed to the corresponding federal court encompassing Marion County—this Court, which is the Florence Division of the United States District Court for the District of South Carolina. *See* 28 U.S.C. § 1441(a); *Ami Hose, LLC v. Hydra-Quip, Int'l, LLC*, No. 2:15-CV-58, 2015 WL 12681675, at *1 (W.D. Mich. June 4, 2015) (giving substantial weight to the plaintiff's choice of forum because the plaintiff "filed this action in a state court within this district").

Although the parties disagree as to whether South Carolina law or Connecticut law governs the Policy, the Court declines to resolve this complex issue simply to decide a motion to transfer.[10] Even assuming *arguendo* that Connecticut law applies, Defendant has made no showing that this Court could not correctly apply Connecticut law or that Connecticut law is so unsettled such that a Connecticut court should resolve this case. *See, e.g.*, *Commercial Equip. Co. v. Barclay Furniture Co.*, 738 F. Supp. 974, 979-80 (W.D.N.C. 1990) (noting "the parties apparently dispute whether the law governing this dispute will be North Carolina law or Mississippi law," declining to resolve which state's law applied; finding the defendant "has failed to demonstrate to this Court any reason that this Court could not apply correctly Mississippi law to the issues in this case or to argue to this Court that Mississippi law in the relevant areas is so unsettled that a Mississippi court should resolve the relevant issues"; and denying

---

[10] Defendant and Plaintiff devote much of their briefing arguing whether South Carolina or Connecticut law applies. *Compare* Def.'s Motion and Reply, *with* Pl.'s Response. They discuss S.C. Code Ann. § 38-61-10 and various cases, including *Ranta v. Catholic Mutual Relief Society of America*, 492 F. App'x 373 (4th Cir. 2012), *Sangamo Weston, Inc. v. National Surety Corp.*, 307 S.C. 143, 414 S.E.2d 127 (1992), *Heslin-Kim v. CIGNA Group Insurance*, 377 F. Supp. 2d 527 (D.S.C. 2005), and *Russell v. McGrath*, 135 F. Supp. 3d 427 (D.S.C. 2015). As explained above, the Court declines at this juncture to resolve which state's law applies for purposes of the present motion.

9

the defendant's motion to transfer); *Stanley v. Marion*, No. 04 C 514, 2004 WL 1611074, at *5 (N.D. Ill. July 16, 2004) (same). Accordingly, Plaintiff's chosen venue—this Court—is entitled to substantial weight.

### 2. & 3.     Convenience of Witnesses and Parties

> Witness convenience is often dispositive in transfer decisions. But the influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony. This type of particularized information, typically submitted in affidavit form, is necessary to enable the court to ascertain how much weight to give a claim of inconvenience. Inconvenience to a witness whose testimony is cumulative is not entitled to greater weight. By contrast, greater weight should be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue. In many instances, the original forum is convenient for plaintiff's witness, but inconvenient for defendant's witnesses, and the reverse is true for the transferee forum. Under these circumstances, transfer is inappropriate because the result of transfer would serve only to shift the balance of inconvenience.

*Bd. of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988) (internal footnotes and quotation marks omitted) (cited with approval by the Fourth Circuit in *Trustees of the Plumber*, *supra*). "When analyzing convenience of witnesses, courts frequently distinguish party witnesses from non-party witnesses. [P]arty witnesses are parties themselves and those closely aligned with a party, and they are presumed to be more willing to testify in a different forum, while there is no such presumption as to non-party witnesses." *Sw. Equip.*, 2010 WL 4484012, at *3 (alteration in original) (internal citation and quotation marks omitted).

In its motion, Defendant makes a cursory argument that the witnesses are not located in South Carolina and that the records relating to the issuance of the Policy are not located in South Carolina. Def.'s Motion at 5. In response, Plaintiff asserts Defendant's argument regarding the location of

witnesses has no support in the record. Pl.'s Response at 6. Plaintiff submits an affidavit of Hartmann, who states: (a) he travels to South Carolina frequently for business purposes and that South Carolina is not inconvenient for him; (b) the individual (Gabriel Gornell) who signed the application for the Policy lives in California; (c) certain individuals from Time Warner Cable Enterprises, LLC may have information relevant to this controversy and live or have offices in either South Carolina or North Carolina; and (d) at the time it filed its claim under the Policy, Plaintiff dealt with insurance adjusters who have offices in Florida. Hartmann Aff. at ¶¶ 6-8. Hartmann acknowledges two potential witnesses (Teja Shariff and Ron Cluckey) both live in Connecticut, but asserts neither witness is averse to traveling to South Carolina because they "both have interests in [Plaintiff]." *Id.* at ¶ 6.

In reply, Defendant argues none of Plaintiff's identified witnesses are located in South Carolina, and that of those "employees of various businesses" who may be located in South or North Carolina, Plaintiff fails to explain how these employees can provide any relevant information. Def.'s Reply at 3-4. Defendant submits an affidavit of Steven Perlini, who completed the underwriting for the Policy while working as vice president for HCC Speciality Underwriters, Inc. in Wakefield, Massachusetts. Perlini Aff. at ¶¶ 2, 5, 7-8. Perlini states he is no longer employed with HCC, is currently the president of a new business located in Needham, Massachusetts, and is a resident of Hopkinton, Massachusetts; and therefore travel to Connecticut would be more convenient. *Id.* at ¶¶ 3-4, 10.

Having carefully considered the parties' arguments and evidence, the Court cannot conclude South Carolina inconveniences the witnesses and parties to such an extreme that requires transfer. Defendant has only identified one witness—Perlini, a former party witness—whose testimony is allegedly necessary to its defense and who may have to travel to South Carolina from Massachusetts. Significantly, Defendant has not identified any non-party witnesses. *See Sw. Equip.*, 2010 WL

11

4484012, at *3 ("[C]ourts typically afford greater weight to convenience of non-party witnesses than party witnesses."). Moreover, Defendant has not explained why Perlini's alleged testimony could not be submitted by deposition. In comparison, Plaintiff has identified three witnesses in Connecticut who, although not South Carolina residents, have indicated they are not averse to traveling to South Carolina for this case. Plaintiff has also identified a potential witness in California for whom travel to South Carolina would be no more inconvenient than travel to Connecticut. The Court finds Defendant has not demonstrated the convenience factors weigh in favor of transfer.

### 4. The Interest of Justice

The interest of justice factor is "intended to encompass all factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Blanton*, 2014 WL 7146980, at *3. Those factors include the factors discussed above and others such as the pendency of a related action, the court's familiarity with the applicable law, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment. *Id.*

Defendant's only argument relating to the interest of justice factor is that South Carolina law does not apply. *See* Def.'s Motion at 5-6; Def.'s Reply at 1-3. However, the Court has declined at this time to resolve whether South Carolina or Connecticut law applies; and even if Connecticut law ultimately does apply, Defendant has not shown that this Court could not familiarize itself with and correctly apply Connecticut law or that Connecticut law is so unsettled such that a Connecticut court should resolve this case. Thus, Defendant has not shown transfer would be in the interest of justice.

In summary, the Court finds Defendant has failed to establish by a preponderance of the evidence that Plaintiff's chosen venue is not entitled to substantial weight, and has failed to establish that transfer to the District of Connecticut would be more convenient to the witnesses and parties and

would serve the interest of justice. Accordingly, the Court will deny Defendant's motion to transfer venue. This case shall proceed in this Court.

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss for improper venue or in the alternative to transfer venue [ECF No. 4].

**IT IS SO ORDERED.**

Florence, South Carolina                                      s/ R. Bryan Harwell
January 25, 2017                                              R. Bryan Harwell
                                                              United States District Judge

13